## JOHN M. C. MARBLE v. VAN WERT NATIONAL BANK.

**1. OWNERSHIP OF CORPORATE PROPERTY NOT IN STOCKHOLDERS.**

In a private corporation the legal title to all corporate property, whether of original capital or increase arising from the corporate business, is in the corporation, and so remains, until by a corporate act, a portion, or the entire assets are divided amongst the shareholders.

**2. STOCKHOLDERS HAVE NO PROPERTY IN EARNINGS UNTIL DIVIDEND IS DECLARED.**

A certificate of stock in such corporation evidences the equitable interest such shareholder has in the property of the corporation, and fixes the proportion of any and all dividends to which he is entitled which are made while he is the owner of such certificate.

**3. ON SALE OF STOCK FUTURE DIVIDENDS NOT TO BE RESERVED.**

The sale and transfer of a certificate of stock in such corporation transfers to and vests in the vendee that proportion of the entire assets of the corporation which the certificate bears to the entire stock of the corporation, and no valid reservation of any portion of a future dividend can be made at the time of such sale and transfer.

A statement of the fact, upon which the opinion of the court is based, will be found in the brief of the defendant in error, from which the following is taken:

The Van Wert National Bank, the plaintiff below, the defendant in error, was organized under the national banking laws of the United States, and commenced business about March 1, 1882, with a capital stock of $100,000.00, divided into 1,000 shares of $100.00 each.

The plaintiff in error, John M. C. Marble, was president of said bank from the time it commenced business until some time in 1884.

On or about November 11, 1882, said John M. C. Marble sold to one F. W. Cassard, for $5,000.00 cash, fifty shares of the capital stock of said bank, and surrendered fifty shares of stock then held by him, to the bank, and the bank issued fifty shares of stock to F. W. Cassard, which stock was owned by said Cassard until about January 1, 1887.

On January 1, 1883, the directors of said bank declared a cash dividend on the stock of said bank, amounting to $3,377.57, or a fraction over $3.37 per share, and amounting to $168.86 on the fifty shares of stock then owned by said Cassard, of which sum the bank then paid to said Cassard the sum of $54.45, and to said John M. C. Marble, who claimed to be entitled to the same, the residue of the dividend on said fifty shares, to-wit, $114.41. Said Cassard refused to accept the sum of $54.45 in full of his said dividend upon the fifty shares of stock then owned by him, and demanded of the bank the payment of $114.41 in addition to said sum of $54.45, at all times denying the right of said John M. C. Marble, or Emerson & Marble, to receive any part of said dividend of $168.86. And on or about the — day of December, 1886, the bank, the plaintiff below, the defendant in error, was compelled to and did pay to said F. W. Cassard the additional sum of $114.41, with interest from January 1, 1883, making in all the sum of $168.86, the full amount of the dividend declared January 1, 1883, upon the said fifty shares of stock then owned by said F. W. Cassard.

On January 3, 1883, said John M. C. Marble caused the aforesaid sum of $114.41, paid to him as aforesaid out of the dividend declared January 1, 1883,

upon the fifty shares of stock then owned by said Cassard, and then standing on the books of said bank in the name of F. W. Cassard, to be placed on the books of said bank to the credit of Emerson & Marble, a partnership composed of Charles Emerson and John M. C. Marble.

The action below was prosecuted by The Van Wert National Bank to recover from said Charles Emerson and John M. C. Marble, the defendants below, said sum of $114.41, with interest from January 1, 1883.

Charles Emerson was not served with summons, and said John M. C. Marble, for defense to said action, filed his answer in the court below and averred in substance that he sold the said fifty shares of stock to said F. W. Cassard under an agreement that he should have such proportion of the dividend to be declared thereon January 1, 1883, as the time from July 1, 1882, to November 11, 1882, was of the whole time from July 1, 1882, to December 31, 1882, inclusive.

The Van Wert National Bank is and was on November 11, 1882, a private corporation. The title to all the property of the bank was in the corporation; the capital of $100,000.00, surplus, profits and undivided earnings.

The interest of the individual stockholder was his right as such stockholder to share in so much of the property of the corporation as should be divided while he was a stockholder.

On November 11, 1882, this *quasi* or equitable ownership or interest of the stockholders in said bank was divided into 1,000 equal parts, evidenced by certificates of stock, each share of stock representing the 1000th part of the entire property of the corporation.

Prior to November 11, 1882, John M. C. Marble was the owner of sixty shares of the capital stock of said bank, and was entitled to receive 60-1000 parts of any property divided by the bank while he owned such stock.

On November 11, 1882, Marble sold and transferred to F. W. Cassard fifty of his said sixty shares of stock, and the transfer of said stock vested in Cassard the equitable or *quasi* ownership of the 50-1000 parts of the property on that day held by the bank. Each of the fifty shares transferred by Marble to Cassard November 11, 1882, represented exactly the same interest in said bank as each of the shares retained by Marble. On November 11, 1882, all the interest John M. C. Marble had in the Van Wert National Bank was the right to the 60-1000 of any property that day distributed by the proper officers of the bank among the stockholders, or which might thereafter be distributed while he owned the stock. His interest in the bank arose from the fact that he was a stockholder, and was measured by the number of shares of stock he held, and when he sold and transferred to Cassard fifty shares, Cassard acquired an interest measured by his stock, and a sale and transfer, by Cassard, of his fifty shares of stock, on November 12, 1882, would have vested in his vendee the right to receive the 50-1000 parts of all property distributed while such vendee was the owner of such stock. As before stated, the property of a corporation all belongs to, and the title and control thereof, is in the corporation. No part of the property belongs to an individual stockholder, and he has no control of the same. He cannot sell, transfer or incumber one cent of the money or property of the corporation, and if he can neither sell, transfer or incumber any part of the corporate property, how can it be said that he can sell and transfer his stock and reserve any part of the corporate property?

All the interest a shareholder in a corporation has is to receive his proportion of the corporate property divided while he is a shareholder. The interest arises by virtue of the fact that he is a shareholder, and is an incident to the certificate of stock held by him. A man can acquire no interest in the corporate property (except such an interest as might arise by virtue of his being a creditor of the corporation), without becoming a shareholder, and the only beneficial interest of a shareholder is his right to share in the dividends declared while

he is a shareholder; and when he sells and transfers his stock, he parts with his beneficial interest in the corporate property.

When Marble sold and transferred the fifty shares of stock to Cassard, had he any interest in the bank by virtue of having been the owner of said fifty shares, which he could separate from that stock and reserve to himself after he had transferred the stock to Cassard? No. Suppose that on November 15, 1882, Cassard had sold his fifty shares of stock to another without any reservation, whatever, is there any question as to who would have been entitled to the dividend declared on that stock January 1, 1883? The purchaser from Cassard would have been entitled to the dividend, and if the right to receive the dividend passed with the stock to the purchaser from Cassard, the same right must have existed in favor of Cassard while he held the stock. The right of the purchaser from Cassard to receive the dividend passed to him as an incident to the stock. That right was incident to the stock when Cassard bought it, and could not exist separate from the stock.

If the right to receive one future dividend can be separated from the stock of a corporation and reserved upon a sale and absolute transfer of the stock, a dozen future dividends may be reserved, and yet the stock transferred by an absolute transfer; and if one share may be so transferred and the right to the future dividends reserved, 1,000 shares may be so transferred, and while the entire stock of the corporation may be held by one set of men who would elect the board of directors, choose officers, etc., another set of men not known to the corporation, strangers, would step in and draw the dividends.

If the principle contended for by the defendant below, the plaintiff in error, is correct, what does the stock of a corporation represent? The future dividend may be a division of the entire corporate property, a final winding up of the corporate business, and if one dividend can be reserved, the dividends for ten years may be reserved, and in the meantime the corporation determines to quit business and divide the corporate property, the holders of the stock may get nothing, and strangers may come in and say, "we sold this stock years ago and reserved the dividends for the next ten years, and we are entitled to this property you are about to distribute." This is an extreme case, but it is the logical conclusion drawn from the claims of the defendant below, the plaintiff here, and demonstrates that the right to receive all future dividends is an incident which attaches to, and is inseparable from, the stock of a private corporation.

In support of the proposition that future dividends are incident to and pass with a transfer of stock, I refer the court to the following:

In Hyatt v. Allen, 56 N. Y., 553, 557, the court says: "A shareholder in a corporation has no legal title to the property or profits of the corporation until a division is made." "He has no inchoate or other right till the dividends have been declared."

In Jones v. R. R. Co., 57 N. Y., 196, 206, the court says: "Before a dividend is declared, all the property of the corporation belongs in fact jointly to all the stockholders, the legal title being in the corporate body."

In Van Allen v. The Assessors, 3 Wall., U. S., 584, the court uses this language: "The corporation is the legal owner of all the property of the bank, real and personal." And again, on page 598, "A certificate of title to a share is not a share; it is evidence of the shareholder's interest. His interest may be transferred by the transfer of the certificate, but it is not the certificate that is valued when the worth of the share is estimated either by the speculator in the market or the tax assessor; it is the property which it represents that is valued."

In 56 N. Y., 556, in speaking of a dividend, the court says: "This word has a technical, but well-defined meaning, and indicates corporate funds derived from the business and earnings of the corporation, appropriated by a corporate act to the use of and to be divided among the stockholders."

Bouvier's Law Dictionary says: "It is a portion of the principal or profits divided among several owners of a thing." In 61 How. Pr., 217, the court says: "It is now well settled that a shareholder in a corporation has no legal title to its accumulated profits until they are divided, and when divided, they go to the shareholders. Incident to the ownership of stock in a corporation, and passing with the assignment of shares thereof, is the right to receive the proportional share of all the profits not divided at the time of the purchase of the shares, and it is immaterial at what time and from what source these profits have been earned."

In 43 N. H., 520, the court says: "The purchaser of a share of stock in a corporation takes the share with all its incidents, and among these is the right to receive all future dividends; that is, its proportional share of all profits not then divided," and "it is wholly immaterial at what times or from what sources these profits have been earned; they are an incident to the share of the stock, to which a purchaser becomes at once entitled, provided he remains a member of the corporation until a dividend is made."

In 57 Me., 143: "Stockholders of a corporation have no claims to a dividend until it is declared. Until that time the dividend belongs to the corporation, precisely as any other property the corporation may own; when a distribution of such funds, whether the whole or a part, is ordered, the distribution should be made between those who at the time were the owners of the stock."

In 51 Ind., 272, the court says: "Whoever owns the stock in a corporation at the time a dividend is declared, owns the dividend also."

And in 21 Kan., 365: "An incident to a share of stock in a corporation is the right to receive all dividends, by the owner and holder of the same after the purchase thereof; that is, their proportional share of all profits not divided when such purchase is completed, and it is immaterial at what times and from what sources these profits have been earned. The assignment of a share of stock from one owner to another, conveys and transfers not only the stock, but as incident thereto, the right to share in the profits of the corporation in the proportion which the stock so transferred bears to the whole capital stock used in the enterprise for which the corporation was organized."

In 63 Me., 509, the court says: "The net profits of a corporation remain the property of the company, and are inseparable and undistinguishable from it, until by resolution of the directors they are separated and set aside as dividends; when declared they become the property of the then stockholders."

The above principles are supported by all of the authorities without a single exception.

If the seller of shares in a corporation cannot sell and transfer his stock and reserve to himself the future dividends entire, he cannot reserve a portion of one or more future dividends.

There is no way to determine what dividend was earned at the time the stock was transferred to Cassard, or what dividend was in fact earned after Cassard bought the stock.

The courts will not undertake to divide a dividend. There is no way to determine what the profits of a corporation may have been up to a given time. What was earned during the first three months may have been squandered or lost during the next month; or the entire profit for the six months may have been earned during the first three months or during the last three months.

The plaintiff below was in 1882 just starting in business, and the first money earned for the six months beginning with July 1, 1882, would be required to pay running expenses, salaries of officers, light, fuel, stationery, taxes, etc., and to meet any losses that might occur, and in the next place under the law governing National Banks, a certain amount must be set apart as surplus. It was only after all these matters had been provided for that any part of the profits could be applied to the payment of dividends upon the stock. On January 1, 1883,

the board of directors determined that there was a net profit of $3,377.37, which might be distributed as dividends among the stockholders, and this amount they then distributed. What portion, if any, of that net profit of $3,377.37, after the payment of running expenses, addition to surplus fund, etc., was earned prior to November 11, 1882, we have no means of knowing. "In contemplation of law the profits are earned at the instant the dividend is declared." Any profits earned prior to November 11, 1882, were the property of the corporation. "They were not profits of the stockholders in any legitimate sense." "There were no profits accruing to the stockholders until they were set apart by the corporation for their use." 56 N. Y., at pages 557-8.

The proposition that there can be no division of dividends as between successive holders of corporate stock is fully discussed in 56 N. Y., 553, and in 2 Edwards Chancery Reps., 379.

It is, however, maintained by the defendant in error, that the conclusion arrived at by the courts in the cases above cited, is impregnable, when based upon the broad ground that there can be no division of a future dividend between the seller and his vendee of corporate stock, for the reason that the right to all future dividends is an incident to the stock, and passes with the stock. The right to the future dividends inures to the holder of the stock by reason of his being such holder, continues in him so long as he retains his stock, and departs from him with a sale and transfer of the stock. That right can not be bought without a purchase of the stock to which it is incident, nor transferred without the transfer of the stock. It is an incident attaching to the stock, and cannot exist except as such incident. Separated from the stock it cannot be the subject matter of a contract.

BY THE COURT.

M. was the owner of sixty shares of stock in a private corporation, and on November 11th, sold fifty shares of his stock to C., which shares of stock were on that day transferred on the books of the corporation. On January 1st, following, a dividend was declared by the corporation. M. demanded and received from the corporation such proportion of the dividend on the fifty shares of stock sold to C., as the time from June 30th, to November 11th bore to the whole time from June 30th, to the date when the dividend was declared, upon the claim that it had been verbally agreed between him and C. at the time of the sale of the fifty shares of stock, that he was to receive the dividends earned by the stock from June 30th, to November 11th, and that C. was to receive the dividends earned by the stock after November 11th.

C. having by suit compelled the corporation to pay him the portion of the dividend on his fifty shares of stock obtained by M., suit was brought by the corporation against M. to recover the money recovered by C. in his action against the corporation.

Held: That a certificate of stock in a private corporation represents the interest the owner and holder of it has in the entire assets of the corporation; and such holder is entitled to such proportion of any dividend, whether of what may be termed profits, or of the entire assets of the corporation, as his stock, at the time such dividend is declared, bears to the entire stock of the corporation.

2. All increase resulting from the business of the corporation is but an addition to the assets of the corporation, to which the holder of such certificate has no legal title.

3. The corporation being the legal owner of all the assets of the corporation, and each certificate of stock being but the evidence of the proportion of the assets to which the holder thereof would be entitled on a division or distribution, it follows that an assignment of such certificate passes to the assignee thereof the proportion of the entire corporate assets such certificate represents;

and such assignee would be entitled to receive all dividends thereafter made while he remained the owner of such certificate.

4. That as no profits are earned by the stock of a corporation, no reservation of the portion of the dividend then earned can be made upon a sale and transfer of such certificate of stock.

5. From these conclusions it follows, that at the time M. sold the fifty shares of stock to C., such sale and transfer vested in C. all the incidents thereto, including the right to all dividends thereafter. made.

6. The corporation being liable to C. for the full dividend on his fifty shares of stock, and M. having obtained a portion of the dividend due C., he was liable to the corporation for the amount he so wrongfully obtained.

For these reasons the judgment of the court of common pleas must be affirmed.

Saltzgaber & Glenn, for plaintiff in error.
H. G. Richie, for defendant in error.